UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| RONALD LEWIS HIGGINBOTTOM, II, | ) | CASE NO. 1:15 CV 1125 |
| Plaintiff, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) ) | |
| VICTOR VIGLUCCI, | ) ) | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | ) ) | |

Plaintiff *pro se* Ronald Lewis Higginbottom, II, an inmate at the Mansfield Correctional Institution, brings this 42 U.S.C. §1983 action against Portage County Prosecutor Victor Viglucci. The Complaint sets forth a series of legal propositions which are unclear, and does not contain comprehensible factual allegations. Plaintiff appears to challenge a state criminal conviction and consequent incarceration.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. V. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint liberally in a light most favorable to the Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not contain allegations reasonably suggesting he might have a valid federal claim. *See*, *Lillard v. Shelby County Bd. of Educ.,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Further, the Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

Accordingly, this action is dismissed under section 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: October 14, 2015